Dear Judge Erny:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You indicate a law clerk in your court has also taken a position as instructor of a class in Criminal Procedure at Nicholls State University. It has not interfered with his duties as law clerk which requires him to finish his assigned work without regard to the number of hours it may entail although the court division is in session from 8:30 until 4:30. His classes are conducted every Tuesday and Thursday from 10:00 a.m. until 12:00 noon. He is paid as law clerk by the Lafourche Parish Council, and by Nicholls State University for his class instruction.
You ask if there is any prohibition against him holding these positions simultaneously.
Included in the prohibitions set forth in R.S. 42:63 is paragraph (B) which prohibits a person holding employment in one branch of state government from holding employment in any other branch of state government.
An instructor employed at a State University is employed in the executive branch of state government. Pursuant to R.S. 42:62(6) the executive branch of state government includes "employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation."
Despite the fact that the law clerk is paid by the Parish Council, we find that the law clerk has a position in the judicial branch of state government. This is consistent with the definition in R.S. 42:62(8) which provides the judicial branch of state government includes all employees of district courts. Additionally, this office has observed that supervision, control, functions, and duties of an employee are the principal determinant criteria, and not the source from which an employee's salary is paid in ascertaining for whom an employee is working, Atty. Gen. Op. No. 90-189.
Consequently, it appears that the law clerk employed in a division of a district court who also is employed as a University instructor, violates the dual officeholding law by having employment in two branches of state government, the judicial and executive branches.
However, it should be noted that the prohibitions of the statute are not applicable if the position at the university is as a professional service contract or an independent contractor rather than employment. While we cannot make such a conclusion without being aware of all the facts, it has been recognized that an independent contractor usually contracts to do a specific amount of work according to his own methods with little control over his actions by the employer. Also a professional contract may designate a flat monthly fee. Atty. Gen. Op. No. 90-578.
Also, there is no violation if the position as a law clerk is an appointive position which is defined as a position which is specifically established by the constitution or laws of this state or ordinance of any political subdivision. R.S. 42:66
states that the provisions shall not prevent a school teacher employed in a professional capacity in an educational institution from holding at the same time an appointive office.
We find no state law which authorizes the appointment of law clerks for the Seventeenth Judicial District Court and do not know if such appointment is made under a specific Parish provision that would designate the position as appointive rather than employment.
We hope this sufficiently gives you information to answer your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
By: ___________________________
 BARBARA B. RUTLEDGE Assistant Attorney General
BBR